**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Anthony Berry, <br><br> Plaintiff, <br><br> v. <br><br> Werner Enterprises, Inc. and Walmart, Inc., <br><br> Defendant. | Civil Action No.:   9:26-cv-2409-RMG |

## COMPLAINT

Plaintiff Anthony Berry ("Plaintiff") by and through his undersigned attorneys, complains of Defendants and alleges as follows. All sections of allegations below are incorporated into one another as if restated therein.

## PARTIES, VENUE AND JURISDICTION

1.      This is a civil action for damages arising out of a motor vehicle collision that occurred in Beaufort County, South Carolina, on June 12, 2025.

2.      Plaintiff is a resident and citizen of South Carolina.

3.      Defendant Walmart, Inc. ("Defendant Walmart") is a corporation headquartered in Bentonville, Arkansas and incorporated in Delaware.

4.      Defendant Werner Enterprises, Inc. ("Defendant Werner") is a corporation headquartered in Omaha, Nebraska and incorporated in Nebraska.

5.      Venue is proper in the Beaufort Division of the District of South Carolina because the acts and omissions giving rise to this cause of action took place in Beaufort County, South Carolina.

6.      This Court has personal jurisdiction over the parties and subject matter jurisdiction

over the issues involved in this case.

## FACTUAL ALLEGATIONS

7.      On June 12, 2025, Plaintiff was a member of the public driving a motor vehicle on Bluffton Road in Beaufort County, South Carolina.

8.      At that same time and place, Regina Duncan was operating a commercial motor vehicle in the traffic circle on Bluffton Road in Beaufort County, South Carolina. Regina Duncan was carrying property at the time of the Crash.

9.      As Plaintiff was taking the exit of the traffic circle on to Bluffton Parkway, Regina Duncan left the lane of travel she was in and entered Plaintiff's lane of travel, causing the collision.

10.     Due to the Crash caused by Regina Duncan, Plaintiff suffered bodily injury and has received medical treatment.

11.     At the time of the Crash, Regina Duncan was operating the commercial motor vehicle she was driving under the motor carrier authority of Defendant Werner and as arranged by Defendant Walmart.

12.     At the time of the Crash, Defendant Werner was a for-hire motor carrier operating a commercial motor vehicle, a tractor-trailer, while transporting property in interstate commerce.

13.     Defendant Werner's drivers have been involved in at least 711 DOT reportable collisions and have received at least 1,461 in the 24 months preceding this complaint.

14.     Defendant Werner has received at least 70 driver fitness violations and 498 driver hours of service violations in the 24 months preceding this complaint.

15.     Plaintiff was not an employee of Defendant Werner or Defendant Walmart.

## FOR A FIRST CAUSE OF ACTION
(Negligence/Negligence *per se,* Gross Negligence/Recklessness Against Defendant Werner)

16.     Plaintiff adopts, re-alleges and re-incorporates the preceding paragraphs as if fully repeated verbatim here.

17.     Defendant Werner's driver Regina Duncan owed Plaintiff statutory duties to operate his vehicle in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

18.     Defendant Werner's driver Regina Duncan breached her duty to use due care in operating her vehicle and was negligent, negligent per se, grossly negligent, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

a.   Failing to obey traffic signs and signals;

b.   Failing to yield to Plaintiff and violating her right of way.

c.   Failing to keep a proper lookout;

d.   Driving while inattentive and distracted;

e.   Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

f.   Acting with conscious disregard for the safety of others, including Plaintiff;

g.   Acting in violation of applicable state and federal statutes and regulations; and

h.   Other and further acts and omissions as discovery may reveal and the evidence at trial may show.

19.     All the above-referenced acts and omissions, or both, were the actual, direct, and proximate cause of Plaintiff's damages and injuries claimed herein.

20.     At the time of the subject collision, Regina Duncan was operating a truck in the scope and course of his employment with Defendant Werner.

21.     Defendant Werner is vicariously liable for all acts and omissions of Regina pursuant to the doctrines of agency, apparent agency, and *respondeat superior*.

22.     As a direct and proximate result of the acts and omissions, or both, of Defendant Werner and Regina Duncan, Plaintiff suffered physical injuries which have caused, and in the future will cause, Plaintiff to suffer one or more of the following elements of damage:

   a. Physical pain and suffering;

   b. Loss of Plaintiff's enjoyment of life;

   c. Loss of wages and/or loss of earning capacity;

   d. Substantial expenses for past and future medical services;

   e. Mental anguish, emotional distress, shock, and fear; and

   f. Other particulars as evidence may show at trial.

23.     Plaintiff is entitled to an award of all actual, consequential, and incidental damages against Defendant Werner.

24.     Plaintiff is also entitled to an award of punitive damages against Defendant Werner.

25.     Plaintiff is also entitled to an award of prejudgment interest against Defendant Werner.

## FOR SECOND CAUSE OF ACTION

(Negligent Hiring, Entrustment, Training, Retention, and Supervision Against Defendant Werner)

26.     Plaintiff re-alleges and reincorporates the preceding paragraphs as if fully set forth herein verbatim.

27.     Defendant Werner was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining Regina Duncan and entrusting him to drive their motor vehicle, in that Defendant Werner knew or should have known that Regina Duncan was too

incompetent, unfit, inexperienced, and/or reckless to operate their truck, which created an appreciable risk of harm to the public, including Plaintiff.

28.     Defendant Werner was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in failing to properly train and/or supervise Regina Duncan, in that Defendant Werner permitted Regina Duncan, who was within its employ and control, to operate their truck with knowledge that Regina Duncan posed a danger to the public, including Plaintiff in operating the vehicle.

29.     Defendant Werner's acts and/or omissions in hiring, training, retaining, and supervising Regina Duncan, and in entrusting her with their truck, were the direct and proximate cause of the collision, as well as Plaintiff's resulting damages.

30.     As a direct and proximate result of the acts and omissions of Defendant Werner, Plaintiff has suffered and will continue to suffer damages described herein.

31.     Plaintiff is therefore entitled to an award of all actual, consequential, and incidental damages against Defendant Werner.

32.     Plaintiff is also entitled to an award of punitive damages against Defendant Werner.

## FOR THIRD CAUSE OF ACTION
(Negligent Hiring, Retention, and Supervision Against Defendant Walmart)

33.     Plaintiff re-alleges and reincorporates the preceding paragraphs as if fully set forth herein verbatim.

34.     Defendant Walmart was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining of Defendant Werner and entrusting them to operate trucking operations on Defendant Walmart's behalf, in that Defendant Walmart knew or should have known that Defendant Werner was negligent in the operation of its trucking activities, which created an appreciable risk of harm to the public, including Plaintiff.

35.     Defendant Walmart was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in failing to properly supervise Defendant Werner, in that Defendant Walmart permitted Defendant Werner, who was within its employ and control, to operate its trucking activities with knowledge that Defendant Werner posed a danger to the public, including Plaintiff in its operations.

36.     Defendant Walmart's acts and/or omissions in hiring, retaining, and supervising of Defendant Werner, and in entrusting them with their trucking operations, were a direct and proximate cause of the collision, as well as Plaintiff's resulting damages.

37.     As a direct and proximate result of the acts and omissions of Defendant Walmart, Plaintiff has suffered and will continue to suffer damages described herein.

38.     Plaintiff is therefore entitled to an award of all actual, consequential, and incidental damages against Defendant Walmart.

39.     Plaintiff is also entitled to an award of punitive damages against Defendant Walmart.

**WHEREFORE**, Plaintiff prays that the court enter judgment against Defendants for the Plaintiff's actual and punitive damages in an amount to be determined by the jury, for the reasonable costs of this action, and for such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this case

**MORGAN & MORGAN P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

June 18, 2026
Charleston, South Carolina