**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| ANTHONY BERRY,<br><br>PLAINTIFF,<br><br>vs.<br><br>WERNER ENTERPRISES, INC. AND WALMART, INC.,<br><br>DEFENDANTS. | **C.A. NO. 9:26-CV-2409-RMG**<br><br>**DEFENANT WERNER ENTERPRISES, INC.'S ANSWER**<br>(JURY TRIAL REQUESTED) |

The Defendant above-named, Werner Enterprises. Inc. ("Werner") hereby answers the Plaintiff's Complaint as follows:

1. Each and every allegation of the Plaintiff's Complaint not hereinafter expressly admitted, qualified and/or explained is denied.

2. In response to Paragraph 1 of the Plaintiff's Complaint, Werner admits only that the Plaintiff has filed a lawsuit as a result of a motor vehicle accident. By way of further response, to the extent that Paragraph 1 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to Werner, those allegations are denied, and strict proof thereof is demanded.

3. Werner admits the residency allegations contained in Paragraphs 2, 3 and 4 of the Plaintiff's Complaint.

4. Paragraphs 5 and 6 of the Plaintiff's Complaint are statements and/or conclusions of law, and Werner is not required to admit or deny the same. By way of further response, to the extent that Paragraphs 5 and 6 of the Plaintiff's Complaint attempt to allege or do allege any cause

of action, claim, act, error or omission as to Werner, those allegations are denied, and strict proof thereof is demanded.

5. In response to Paragraphs 7, 8 and 9 of the Plaintiff's Complaint, Werner admits only that the Plaintiff and Regina Duncan were operating their respective vehicles and that they were involved in a vehicular accident. By way of further response, to the extent that Paragraphs 7, 8 and 9 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to Werner, those allegations are denied, and strict proof thereof is demanded.

6. Werner denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint, and strict proof thereof is demanded.

7. In response to Paragraphs 11 and 12 of the Plaintiff's Complaint, Werner admits that Regina Duncan was operating a motor vehicle with the course and scope of her relationship with Werner, and that Werner is a trucking company that provides logistics and freight shipping solutions. By way of further response, to the extent that Paragraphs 11 and 12 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to Werner, those allegations are denied, and strict proof thereof is demanded.

8. Paragraphs 13 and 14 of the Plaintiff's Complaint are not proper allegations, make assertions that are taken out of context, and are not pertinent to the underlying lawsuit; according Paragraphs 13 and 14 of the Plaintiff's Complaint should be struck from the Plaintiff's Complaint. By way of further response, to the extent that Paragraphs 13 and 14 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to Werner, those allegations are denied, and strict proof thereof is demanded.

9. Werner admits the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

10. In response to Paragraph 16 of the Plaintiff's Complaint. Werner reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

11. Paragraph 17 of the Plaintiff's Complaint is a statement and/or conclusion of law, and Werner is not required to admit or deny the same. By way of further response, to the extent that Paragraph 17 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to Werner, those allegations are denied, and strict proof thereof is demanded.

12. Werner denies the allegations contained in Paragraphs 18 and 19 of the Plaintiff's Complaint, and strict proof thereof is demanded.

13. In response to Paragraph 20 of the Plaintiff's Complaint, Werner admits that Regina Duncan was operating a motor vehicle with the course and scope of her relationship with Werner. By way of further response, to the extent that Paragraph 20 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to Werner, those allegations are denied, and strict proof thereof is demanded.

14. Paragraph 21 of the Plaintiff's Complaint is a statement and/or conclusion of law, and Werner is not required to admit or deny the same. By way of further response, to the extent that Paragraph 21 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to Werner, those allegations are denied, and strict proof thereof is demanded.

15. Werner denies the allegations contained in Paragraphs 22, 23, 24 and 25 of the Plaintiff's Complaint, and strict proof thereof is demanded. Further responding, Werner would specifically state that the Plaintiff is not entitled to prejudgment interest.

16. In response to Paragraph 26 of the Plaintiff's Complaint. Werner reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

17. Werner denies the allegations contained in Paragraphs 27, 28, 29, 30, 31 and 32 of the Plaintiff's Complaint, and strict proof thereof is demanded.

18. In response to Paragraph 33 of the Plaintiff's Complaint. Werner reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

19. Paragraphs 34, 35, 36, 37, 38 and 39 of the Plaintiff's Complaint are not directed to Werner; accordingly, no responses are required. By way of further response, to the extent that Paragraphs 34, 35, 36, 37, 38 and 39 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to Werner, those allegations are denied, and strict proof thereof is demanded.

20. Werner also denies the allegations contained in the "Wherefore" Paragraph of the Plaintiff's Complaint, which is the remainder of the Plaintiff's Complaint, and strict proof thereof is demanded.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Comparative Negligence)

21. The Defendant, on information and belief, would allege and show that any injuries and damages sustained by the Plaintiff as alleged in the Complaint, which are denied, were due to and were caused and occasioned by the Plaintiff's own acts of comparative negligence, which acts on the part of the Plaintiff combined and contributed and concurred with any negligence on the part of the Defendant, which is denied, without which the alleged incident and resulting alleged damages would not have occurred or have been sustained, and the Defendant does plead such comparative negligence as the direct and proximate cause of the injuries and damages sustained

by the Plaintiff as alleged in the Complaint. Accordingly, the Defendant is entitled to a determination as to the percentage with which the Plaintiff's own comparative negligence contributed to this incident and the Plaintiff's alleged injuries and damages and to the reduction of any sum awarded to the Plaintiff by an amount equal to the percentage of the Plaintiff's own comparatively negligent conduct.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Unconstitutionality of Punitive Damages)

22. The Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, and Fourteenth Amendments of the Constitution of the United States in the following particulars:

a. The Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

i) The double-jeopardy clause is violated because multiple awards of punitive damages can be imposed upon the Defendant for the same act or omission, and because an award of punitive damages can be imposed upon the Defendant, even though the Defendant was convicted or acquitted of a factually related defense in an underlying criminal proceeding; and

ii) The self-incrimination clause is violated because the Defendant can be compelled to give testimony against themselves;

b. The Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed according to the lesser standard of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature and, as such require the "beyond the reasonable doubt" standard of proof;

c. The Plaintiff's claim for punitive damages violates the Defendant's rights to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of those rights;

d. The Plaintiff's claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

i) The standard or test for determining the requisite mental state of defendant for imposition of punitive damages is void for vagueness;

ii) Insofar as punitive damages are not measured against actual injury to the Plaintiffs and are left up to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of Defendant's alleged egregious conduct;

iii) In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

iv) The tests or standards for the imposition of punitive damages differ from state to state, such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that the defendant is denied equal protection of law; and

v) Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Improper Claim for Punitive Damages)

23. Punitive damages are inappropriate in this case since the Defendant did not engage in any malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages would be based.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(S.C. Code Ann. 15-32-520 and S.C. Code Ann. 15-32-530)

24. The Defendant pleads the limitations on damage awards found in S.C. Code Ann.15-32-530, and additionally reserves the right to request bifurcation in accordance with S.C. Code Ann. 15-32-520 during the course of this litigation.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Set-Off)

25. The Defendant claims their right to set-off, settlement or judgment credits, to the extent applicable and allowed pursuant to South Carolina law.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Sudden Emergency/Unavoidable Accident)

26. The Defendant would allege and show that the accident was a sudden emergency and/or unavoidable accident, and that, accordingly, the Plaintiff is barred from recovery.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Mitigation of Damages)

27. The Plaintiff has failed to exercise reasonable diligence in mitigating the damages he claims to have suffered at the hand of the Defendant.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

28. The Plaintiffs Complaint fails to state any claims upon which relief can be granted as to the Defendant, and the Plaintiff's Complaint should, therefore, be dismissed pursuant to Rule 12(b)(6), *FRCP*.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Election of Remedies)

29. The Plaintiff should be required to elect between her causes of action.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Reliance on Other Defenses)

29. The Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendant prays that the same be dismissed, together with the costs and disbursements of this action, and for such other and further relief as this Court deems proper. The Defendant also requests a trial by jury.

CLEMENT RIVERS, LLP

By: *s/Duke R. Highfield*____________
Duke R. Highfield, Federal ID 5654
Victoria L. Anderson, Federal ID 11708
Robert P. Gruber, Federal ID 13857
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 720-5456
dhighfield@ycrlaw.com
tanderson@ycrlaw.com
Attorneys for Werner Enterprises, Inc.

Charleston, South Carolina

Dated: 2 September 2026____

CERTIFICATE OF MAILING

I hereby certify that a copy of the foregoing pleading was mailed to all counsel of record in this proceeding this ___2nd___ day of _________September________________, 2026.

_____*s/Chelsey A. Conyers*________________________________