UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Anthony Berry,<br><br>Plaintiff,<br><br>v.<br><br>Werner Enterprises, Inc. and Walmart, Inc.,<br><br>Defendant. | C.A. No.: 9:26-cv-2409-RMG<br><br>**ANSWER OF DEFENDANT WALMART, INC.** |

Defendant Walmart, Inc. (hereinafter, “Defendant”), by and through undersigned counsel, hereby answer the Complaint of Anthony Berry ("Plaintiff"), and would respectfully allege and show unto the Court as follows:

**<u>FOR A FIRST DEFENSE</u>**

1. The allegations of Paragraph 1 of Plaintiff’s Complaint require no response from this Defendant. To the extent a response is required, the allegations are denied.

2. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 2 of the Plaintiffs’ Complaint, and therefore, denies them and demands strict proof thereof.

3. Defendants admits the allegations of Paragraph 3 of Plaintiff’s Complaint.

4. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 4 of the Plaintiffs’ Complaint, and therefore, denies them and demands strict proof thereof.

5. In response to the allegations of Paragraph 5 of Plaintiff's Complaint, Defendant is not currently contesting venue in this matter but reserves the right to do so depending on the outcome of discovery. Further responding, Defendant denies that certain "acts or omissions" occurred without further specifics from Plaintiff.

6. In response to the allegations of Paragraph 6 of Plaintiff's Complaint, Defendant is not currently contesting venue in this matter but reserves the right to do so depending on the outcome of discovery.

7. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 7 of the Plaintiff's Complaint, and therefore, denies them and demands strict proof thereof.

8. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 8 of the Plaintiff's Complaint, and therefore, denies them and demands strict proof thereof.

9. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 9 of the Plaintiff's Complaint, and therefore, denies them and demands strict proof thereof.

10. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 10 of the Plaintiff's Complaint, and therefore, denies them and demands strict proof thereof.

11. Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 12 of the Plaintiff's Complaint, and therefore, denies them and demands strict proof thereof.

13. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 13 of the Plaintiff's Complaint, and therefore, denies them and demands strict proof thereof.

14. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 14 of the Plaintiff's Complaint, and therefore, denies them and demands strict proof thereof.

15. Defendant is currently without information sufficient to confirm or deny the truth of the allegations in Paragraph 15 of the Plaintiff's Complaint, and therefore, denies them and demands strict proof thereof.

16. The allegations of Paragraphs 16-32 of Plaintiff's Complaint are not directed towards this Defendant and thus require no response. To the extent a response is required, the allegations are denied.

17. In response to the allegations of Paragraph 33 of Plaintiff's Complaint, Defendant reasserts and realleges it responses to Paragraphs 1-32 as if repeated herein verbatim.

18. Defendant denies the allegations of Paragraph 34 of Plaintiff's Complaint.

19. Defendant denies the allegations of Paragraph 35 of Plaintiff's Complaint.

20. Defendant denies the allegations of Paragraph 36 of Plaintiff's Complaint.

21. Defendant denies the allegations of Paragraph 37 of Plaintiff's Complaint.

22. Defendant denies the allegations of Paragraph 38 of Plaintiff's Complaint, including any allegation that Plaintiff is entitled to recover from this Defendant.

23. Defendant denies the allegations of Paragraph 39 of Plaintiff's Complaint, including any allegation that Plaintiff is entitled to recover from this Defendant.

24. Defendant denies the "WHEREFORE" paragraph of Plaintiff's Complaint.

25. Defendant denies all allegations of the Plaintiff's Complaint not specifically admitted, explained, or otherwise modified hereinabove.

**FOR A SECOND DEFENSE**

26. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

27. Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against them and should be dismissed pursuant to Rule 12(b)(6) of the *South Carolina Rules of Civil Procedure*.

**FOR A THIRD DEFENSE**

28. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

29. In recognition of the legal requirement that all affirmative defenses be plead in the answer to the complaint, and because no discovery has been undertaken in this lawsuit, Defendant alleges that even assuming they were negligent, careless, grossly negligent, willful, wanton or reckless in any respect, and that any such conduct on Defendant's part operated as a proximate cause of the accident and Plaintiff's resulting injuries and damages, if any, all of which is expressly denied and admitted solely for the purpose of this defense and no other, that Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct, contributed more than 50% to the cause of the accident and Plaintiff's resulting injuries and damages, if any. For that reason, Defendant is not liable to Plaintiff in any sum whatsoever. The Defendant expressly reserves the right to withdraw this defense, or any other defense, in advance of trial should discovery reveal it to be inapplicable.

**FOR A FOURTH DEFENSE**

30. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

31. In recognition of the legal requirement that all affirmative defenses be plead in the answer to the complaint, and because no discovery has been undertaken in this lawsuit, Defendant alleges that even if she were negligent, careless, grossly negligent, reckless, willful or wanton in any respect whatsoever, which is expressly denied and admitted solely for the purpose of this defense and no other, and even if any such conduct on their part operated as a 50% or greater cause of the accident and Plaintiffs' resulting injuries and damages, if any, which is also expressly denied and admitted solely for the purpose of this defense and no other, they are entitled to a determination as to the percentage which Plaintiffs' negligent, grossly negligent, reckless, willful and wanton conduct, contributed to the accident and to a reduction of any amount awarded to Plaintiff in an amount equal to that percentage of Plaintiff's own negligent, grossly negligent, reckless, willful and wanton conduct.

**FOR A FIFTH DEFENSE**

32. Defendant adopts and realleges their responses to each and every allegation set forth above and not inconsistent herewith, as if fully restated herein.

33. Defendant alleges that to the extent Plaintiff sustained any injuries and damages as a result of the matters alleged in the Complaint, which is denied and admitted solely for the purpose of this defense and no other, Defendant is entitled to a determination of the negligence or fault of any other person or entity who may be responsible for such injuries and/or damages, to the assignment of such fault or negligence to such person or entity by the jury at the conclusion of the trial of this case, whether such person or entity is a party to this lawsuit at such time, and to a

reduction of any award in favor of Plaintiff and against Defendant by such fault or negligence of the other person or entity in addition to any reduction of any award in favor of Plaintiff by their own comparative fault.

**FOR A SIXTH DEFENSE**

34. Defendant adopts and realleges their responses to each and every allegation set forth above and not inconsistent herewith, as if fully restated herein.

35. In recognition of the legal requirement that all affirmative defenses be plead in the answer to the complaint, and because no discovery has been undertaken in this lawsuit, the Defendant would allege that any injuries and damages sustained by Plaintiff as a result of the matters alleged in the complaint could not be avoided and the Defendant pleads unavoidable accident as a bar to this action.

**FOR AN SEVENTH DEFENSE**

36. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

37. Defendant alleges that to the extent Plaintiff has failed to mitigate Plaintiff's damages in the manner provided by law, such failure to mitigate constitutes a complete defense and bar to Plaintiff's causes of action.

**FOR AN EIGHTH DEFENSE**

38. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

39. In recognition of the legal requirement that all affirmative defenses be pled in answer to the complaint and because no discovery has been undertaken in this lawsuit, this Defendant now alleges that, even if this Defendant was negligent, as alleged in the Complaint,

which is specifically denied, the negligence of this Defendant was not the direct or proximate cause of any injury alleged by Plaintiff, and therefore, this Defendant is not liable for any damages allegedly sustained by Plaintiff. This Defendant expressly reserves the right to withdraw this defense in advance of trial should discovery reveal it inapplicable.

**FOR A NINTH DEFENSE**

40. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

41. Even assuming this Defendant was negligent as alleged in Plaintiff's Complaint, which is expressly denied, this Defendant would show that the injuries and damages sustained by Plaintiff, if any, without admitting the same to be true, were the result of and a reaction to a sudden emergency over which this Defendant had no control, and therefore Plaintiff's claims are barred.

**FOR A TENTH DEFENSE**

42. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

43. Defendant alleges that to the extent Plaintiff has received, or receives in the future, payment from any party to this action or from any non-party in satisfaction of or that are related in any way to the alleged injuries and/or claims against Defendant, the Plaintiff's claims against Defendant are barred and/or should be reduced by the defenses of payment, accord and satisfaction, and set-off.

**FOR AN ELEVENTH DEFENSE**

44. Defendant incorporates by refence the relevant and consistent allegations of its First Defense as if included herein.

45. Punitive damages are inappropriate in this case as Defendant engaged in no malicious, wrongful, or intentional conduct upon which an award of such damages could be based.

46. To the extent Plaintiff is entitled to and is awarded punitive damages, which is expressly denied, Defendant asserts its entitlement to all benefits, privileges, protections and limitations on any punitive damage award under the South Carolina Fairness in Civil Justice Act of 2011, as codified in S.C. Code Ann. § 15-32-510, 15-32-520, 15-32-530, and 15-32-540, et seq.

47. Pursuant to the provisions of South Carolina Code §15-32-520, et. seq., and all other applicable common or statutory laws, Defendant hereby requests that the Plaintiff's claim for punitive damages be bifurcated at trial.

48. Pursuant to S.C. Code Ann. § 15-32-530, an award of punitive damages may not exceed the specified statutory limits. To the extent Plaintiff seeks punitive damages in excess of the statutory limit, Defendant asserts its right to seek a cap on punitive damages.

49. Defendant also specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1966); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

**FOR A TWELTH DEFENSE**

50. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

51. Defendant expressly reserves all rights and defenses under S.C. Code Ann. § 15-38-15 (2025) to the extent applicable.

## FOR A THIRTEENTH DEFENSE

52. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

53. This Defendant has not had an opportunity to conduct a sufficient investigation or engage in adequate discovery regarding the circumstances of Plaintiff's allegations. This Defendant intends to act as best they can to be informed of the pertinent facts and prevailing circumstances surrounding any injuries and/or damages, if any, alleged in Plaintiff's Complaint. Accordingly, this Defendant reserves the right to raise additional affirmative and other defenses as may be established by discovery and evidence in this case. This Defendant expressly reserves the right to amend this Answer, including the right to assert additional defenses, whether affirmative or otherwise, about which it presently lacks knowledge or information, but which may become available or apparent during the course of this litigation, through discovery, or other means.

WHEREFORE having fully answered the allegations set forth in Plaintiff's Complaint, the Defendant respectfully requests an Order from this Court which dismisses the claims presented in Plaintiff's Complaint, that they be awarded costs and attorneys' fees under applicable state and federal statutory provisions and case law, and for such other and further relief as the Court deems just and proper.

**GALLIVAN, WHITE & BOYD, P.A.**

By: s/ *Michael W. Rabb*
Michael W. Rabb (S.C. Bar No. 103259)
55 Beattie Place, Suite 1200
Post Office Box 10589 (29603)
Greenville, SC 29601
Telephone: (864) 271-5438
Facsimile: (864) 271-7502
Email: Mrabb@GWBlawfirm.com

***Attorneys for Defendant Walmart, Inc.***

September 9, 2026

Defendant Walmart requests a trial by jury of those issues so triable.

s/ *Michael W. Rabb*
Michael W. Rabb