**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| ANTHONY BERRY,<br><br>PLAINTIFF,<br><br>vs.<br><br>WERNER ENTERPRISES, INC. AND WALMART, INC.,<br><br>DEFENDANTS. | ) | **C.A. NO. 9:26-CV-02409-BHH**<br><br>**DEFENDANTS' ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES** |

(1) A short statement of the facts of the case:

ANSWER: This matter arises out of a motor vehicle accident that occurred on June 12, 2025, in Bluffton, South Carolina.

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony;

ANSWER: a. Anthony Berry

The Plaintiff is expected to testify in accordance with the Complaint filed on his behalf.

b. Regina Duncan

This witness was operating a motor vehicle for Werner Enterprises, Inc.

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered);

ANSWER: At this time, the Defendants have not determined whether they will utilize the services of any experts, and will identify any such experts in accordance with the scheduling order.

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same;

ANSWER: Werner Enterprises, Inc. has asserted the following defenses: comparative negligence; unconstitutionality of punitive damages; improper claim for punitive damages; SC Code Ann. Sections 15-32-520 and SC Code and 15-32-530; set-off; sudden emergency/unavoidable accident; mitigation of damages; and election of remedies.

Walmart, Inc. has asserted the following defenses: insufficient cause of action; proximate cause; comparative negligence; unavoidable accident; failure to mitigate; not liable for any damages; sudden emergency; barred claims; improper claim for punitive damages; SC Code Ann. Sections 15-32-510, 15-32-520, 15-32-530, 15-32-540, et. seq.; limitations and determination and/or enforceability of punitive damages pursuant to *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1966), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003); and S.C. Code Ann. Section 15-38-15 (2025).

(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures

(b) Completion of discovery.

ANSWER: A proposed amended scheduling order has been submitted with the following deadlines:

(a) March 8, 2027 (Plaintiff) and April 6, 2027 (Defendants)

(b) June 7, 2027

(6) The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. See generally Local Civil Rule 16.02(C) (Content of Scheduling Order).

ANSWER: The Defendants are not aware of any such circumstances.

(7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

ANSWER: At this time, the Defendants do not have any additional information to provide.

CLEMENT RIVERS, LLP

By: *s/Duke R. Highfield*
Duke R. Highfield, Federal ID 5654
Victoria L. Anderson, Federal ID 11708
Robert P. Gruber, Federal ID 13857
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 720-5456
dhighfield@ycrlaw.com
tanderson@ycrlaw.com
rgruber@ycrlaw.com
Attorneys for Defendants

Charleston, South Carolina

Dated: 10/16/2026